In re LOCAL UNION 1397 OF THE UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Debtor.

Bankruptcy No. 86–3143–BM.
Motion No. 91–1345M.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 21, 1991.

John W. Smart, Grogan, Graffam, McGinley & Lucchino, P.C., Pittsburgh, Pa., for debtor.

Cheryl Bacco, Monroeville, Pa., pro se.

Linda A. Barr, Burgettstown, Pa., pro se.

744

Darlene McIntosh, North Versailles, Pa., pro se.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is Local Union 1397 of the United Steelworkers of America's ("debtor") objection to claims for severance pay submitted by Darlene McIntosh, Linda Barr, and Cheryl Bacco ("claimants").

Claimants contend that office secretaries employed by debtor were entitled to severance pay upon termination of their employment, pursuant to an amendment of debtor's by-laws which became effective in March of 1980. Debtor concedes that its by-laws were amended in March 1980, but denies that those amendments included a provision granting office secretaries severance pay upon termination of their employment.

Debtor's objection shall be overruled and the claims shall be allowed as filed for reasons set forth below.

### -I-

### FACTS

Debtor is a labor union which formerly represented employees of United States Steel Corporation at the Homestead Works located in Homestead, Pennsylvania. An administrator was appointed by the International Union of the United Steel Workers of America in October of 1986 to manage debtor's affairs.

On December 10, 1986, debtor filed a voluntary chapter 11 petition. Liabilities amounting to $53,092.21 were listed in the schedules attached to its petition. A total of $20,849.00 was listed as due and owing to priority wage claimants, all of whom were officers of debtor. Claimants were not listed as creditors.

Claimants filed timely proofs of claim on May 15, 1987. Darlene McIntosh seeks severance pay in the amount of $2,935.24. Linda Barr seeks severance pay in the amount of $2,428.86. Cheryl Bacco seeks unpaid wages in the amount of $675.00 and severance pay in the amount of $3,382.40. Claimants had been employed by debtor as office secretaries and were terminated from their employment subsequent to March of 1980.

In order for debtor's by-laws to be amended, the proposed amendment had to be read at three (3) consecutive union meetings and had to be approved by the members after the third reading. The minutes of all meetings were recorded in the minutes book maintained by the minutes secretary. Any amendments to the by-laws which had been approved by the general membership were supposed to be attached by the minutes secretary to the minutes of the meeting for the date on which the amendment had been approved.

Debtor held general meetings of its membership on February 11, 1980; March 3, 1980; and March 10, 1980. The minutes of these meetings contain no reference to a proposal to amend the by-laws so as to grant office secretaries severance pay upon termination of their employment. Attached to the minutes of the meeting of March 10, 1980, was a document purporting to set forth revisions to the by-laws which had been approved by the members at that meeting. The only provision in that document which pertained to office secretaries provided as follows:

*Article VI, Section 2A, Page 15*

A. Office secretaries shall be paid the following:

1. The two (2) senior secretaries shall be paid class 6 equal to the hourly p.m. wage scale of the Basic Steel Agreement.

2. The junior secretaries shall be paid an hourly wage determined by the Executive Board of Local 1397.

Claimants aver that the amendments to the by-laws which were approved by the membership contained a third paragraph which stated:

3. The Local Union secretaries shall receive benefits afforded other employees of the bargaining unit such as medical (sic), insurance, vacation time, holiday pay, *severance pay*, and wage scale increases guaranteed under the Basic Steel Agreement. (Emphasis added.)

-II-

## ANALYSIS

A proof of claim is deemed to be allowed, unless a party in interest objects.. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim. Federal Rules of Bankruptcy Procedure 3001(f). Such a claim shall be allowed unless evidence rebutting the claim is produced by the objector. *Matter of Fidelity Holding Co., Inc.*, 837 F.2d 696, 698 (5th Cir.1988). If evidence rebutting the claim is produced, the claimant then must produce additional evidence "to prove the validity of the claim by a preponderance of the evidence. *In re WHET, Inc.*, 33 B.R. 424, 437 (D.Mass.1983). The ultimate burden of persuasion rests upon the claimant. *Id.*

It is not disputed that office secretaries were not entitled, prior to March of 1980, to severance pay upon termination of their employment by debtor.

Claimants maintain that debtor's by-laws were amended in March of 1980 so as to entitle them to severance pay. They contend that the proposed amendment was read at meetings on February 11, 1980, on March 3, 1980, and on March 10, 1980, and was ratified by the membership at the last of these meetings. According to claimants, the copy of the amendments attached to the minutes of the meeting of March 10, 1980, is incorrect. Specifically, they contend that the amendment pertaining to office secretaries contained the provision set forth previously and designated as paragraph 3.

Debtor denies that this provision was included among the amendments to the by-laws which were approved by the members of the union on March 10, 1980.[1]

The issue presented in this matter is whether the amendments to the by-laws which were approved on March 10, 1980, included the above provision entitling office secretaries to severance pay upon termination of their employment by debtor.

Debtor has produced evidence which rebuts the *prima facie* validity of the claims for severance pay. The copy of the amendments to the by-laws which was attached to the minutes of the meeting of March 10, 1980, does not contain a provision granting severance pay to office secretaries. In addition, the minutes of the meetings of February 11, 1980, March 3, 1980, and March 10, 1980, make no reference to any proposal to amend the by-laws.

Claimants have come forward with additional evidence and have shown, by a preponderance of the evidence, that the amendments to the by-laws included the above provision entitling office secretaries to severance pay. Mr. Charles Stout, who was a member of the union and was a grievance officer during February and March of 1980, was the only witness called by either side who was present at all three meetings on February 11, 1980, March 3, 1980, and March 10, 1980, respectively. Mr. Stout testified that a proposal to grant severance pay to office secretaries was read to the members at all three meetings and was approved by the members after the third reading on March 10, 1980. Mr. Stout was a credible witness.

Different versions of amendments to debtor's by-laws had been proposed early in 1980. One of those versions contained the provision upon which claimants rely. Another version, upon which debtor relies, did not contain the provision. The court finds that the version upon which claimants rely was read at all three meetings and was duly ratified by the membership at the third meeting. The version upon which debtor relied was *not* approved by the membership. For reasons that are unknown, the minutes secretary erroneously attached the wrong version of the amendments to the by-laws to the minutes of the meetings held on March 10, 1980.

It is not significant that no mention of the amendment upon which claimants rely

---

**1.** Debtor conceded at the hearing on October 23, 1991, that Cheryl Bacco is entitled to unpaid wages in the amount of $675.00. Debtor continued to deny, however, that claimants are entitled to any severance pay.

is made in the minutes of any of the three meetings. Such meetings frequently lasted several hours. The scrivener was a steel worker burdened with the duties of a secretary. Clearly he lacked the ability to take word-for-word dictation. As a consequence, it was commonplace for the minutes secretary, who recorded the proceedings in longhand, to omit much of the detail of what had transpired at the meeting. It was not possible under the circumstances for the minutes secretary to record everything that happened.

Debtor's objection to the proofs of claim submitted by Darlene McIntosh, Linda Barr, and Cheryl Bacco will be overruled. Said claims will be allowed as filed. Should there be insufficient funds to pay all claims in full, then the appropriate claimants shall share their proper distribution on a *pro rata* basis.